# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Herbert A. Igbanugo, Esq., <br><br>    Plaintiff, <br><br> v. <br><br> Minnesota Office of Lawyers Professional Responsibility (OLPR); Susan M. HUMISTON, in her official capacity as Director of OLPR; Amy HALLORAN, individually and in her official capacity as Assistant Director to OLPR; Jennifer BOVITZ, individually and in her official capacity as Managing Attorney at OLPR; Lawyers Professional Responsibility Board (LPRB); Jeannette BOERNER, individually and in her professional capacity as Attorney Member at LPRB; Tommy KRAUSE, individually and in his professional capacity as Designated Board Member at LPRB; Wilson Law Group; David Lee WILSON, individually and in his official capacity as Founder and Managing Attorney at Wilson Law Group; Michael GAVIGAN, individually and in his official capacity as Senior Attorney at Wilson Law Group; Cassondre BUTEYN, individually and in her official capacity as Co-Owner and Lead Attorney at Wilson Law Group; Eva RODELIUS, individually and in her official capacity as Senior Attorney at Wilson Law Group; Aust SCHMIECHEN, P.A.; and Brian AUST, individually and in his official capacity as Purported Expert Witness in the *Onofre* Case and as Founding Partner of Aust Schmiechen, P.A. <br><br>    Defendants. | Case No. 21-CV-105-PJS-HB <br><br><br><br><br> **DEFENDANTS** <br> **AUST SCHMIECHEN, P.A.** <br> **AND BRIAN AUST'S** <br> **MOTION FOR SANCTIONS** |

To:   The Court and all counsel of record.

## **MOTION**

Defendants Aust Schmiechen, P.A. and Brian Aust, ("Aust Defendants") hereby move the Court, pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority, for an order imposing sanctions against Plaintiff Herbert A. Igbanugo, Esq. and the law firm of Igbanugo International Partners (collectively "Plaintiff") as a result of presenting Plaintiff's complaint (ECF No. 6) for an improper purpose—namely, to harass, cause delay, and needlessly increase litigation costs of the Aust Defendants. Plaintiff has interposed his complaint in federal court merely as an effort to relitigate the outcome of a state court malpractice case against him and to challenge the proprietary of state agency disciplinary proceedings. There is no legal or factual basis that support Plaintiff's action. Plaintiff's complaint attempts to hold Defendant Brian Aust liable for Aust's testimony offered as an expert witness in the state court proceedings, for which Aust enjoys absolute privilege. Moreover, Plaintiff's complaint fails to allege any facts relative to Aust Schmiechen, P.A. that would state a plausible claim for relief despite naming Aust Schmiechen, P.A. as a defendant to the action.

## **RULE 11 STANDARDS**

Rule 11, FRCP provides, in part, as follows:

> (b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> 1. it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> 2. the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> 3. the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> 4. the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

Rule 11(c) provides for the imposition of sanctions in the event that there is a violation of Rule 11(b).

Plaintiff's complaint violates Rule 11(b) and sanctions are appropriate here because Plaintiff is using the court system merely to harass and bully Defendants because of his dissatisfaction related to a state court malpractice case against him and state agency disciplinary proceedings. Plaintiff has failed conduct a reasonable inquiry into the merits of his case before interposing his complaint

3

For these reasons, the Aust Defendants seek an order from this Court: (1) imposing monetary sanctions against Plaintiff and his law firm as the Court deems sufficient to deter future misconduct; and (2) directing payment by Plaintiff and his law firm of the Aust Defendants' reasonable attorney fees, costs, disbursements, and other expenses incurred for defending against Plaintiff's frivolous complaint and having to bring this motion.

In accordance with Fed. R. Civ. P. 11(c)(2), a copy of this Motion and Safe Harbor notice were served on Plaintiff at least 21 days prior to the filing of this Motion. Plaintiff has failed to withdraw the challenged pleading. Should the Court conclude that Plaintiff's complaint violates Fed. R. Civ. P. 11(b), the Aust Defendants are prepared to have its counsel submit further declarations detailing the amount and nature of the fees and costs sought and provide documentary support for the same.

Respectfully,

**CHRISTENSEN LAW OFFICE PLLC**

Dated: February 24, 2021

/s/ Aaron D. Sampsel
Aaron D. Sampsel (#398521)
Scott A. Jurchisin (#398241)
800 Washington Ave. N., Suite 704
Minneapolis, MN 55401
Ph: (612) 823-4016
Fax: (612) 823-4777
aaron@clawoffice.com
scott@clawoffice.com
*Attorneys for Defendants*
*Aust Schmiechen, P.A. and Brian Aust*

4