UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Herbert A. Igbanugo, Esq., <br><br>      Plaintiff,<br>v.<br><br>Minnesota Office of Lawyers Professional Responsibility (OLPR); Susan HUMISTON, in her official capacity as Director of OLPR; Amy HALLORAN, individually and in her official capacity as Assistant Director at OLPR; Jennifer BOVITZ, individually and in her official capacity as Managing Attorney at OLPR; Lawyers Professional Responsibility Board (LPRB); Jeannette BOERNER, individually and in her professional capacity as Attorney Member at LPRB; Tommy KRAUSE, individually and in his professional capacity as Designated Board Member at LPRB; Wilson Law Group; David Lee WILSON, individually and in his official capacity as Founder and Managing Attorney at Wilson Law Group; Michael GAVIGAN, individually and in his official capacity as Senior Attorney at Wilson Law Group; Cassondre BUTEYN, individually and in her official capacity as Co-Owner and Lead Attorney at Wilson Law Group; Eva RODELIUS, individually and in her official capacity as Senior Attorney at Wilson Law Group; Aust SCHMIECHEN, P.A.; Brian AUST, individually and in his official capacity as Purported Expert Witness in the Onofre Case and as Founding Partner of Aust Schmiechen, P.A.,<br><br>      Defendants. | Civil Action No. 21-CV-105 [PJS-HB]<br><br>**DEFENDANTS WILSON LAW GROUP, DAVID L. WILSON, MICHAEL GAVIGAN, CASSONDRE BUTEYN AND EVA RODELIUS'S MOTION FOR RULE 11 SANCTIONS** |

Defendants Wilson Law Group, David L. Wilson, Michael Gavigan, Cassondre Buteyn and Eva Rodelius (collectively "the Wilson Defendants"), hereby move this Court for an award of sanctions against Plaintiff Herbert A. Igbanugo, Esq., who is representing himself in this matter, pursuant to Fed. R. Civ. P. 11 and the Court's inherent authority.

The Wilson Defendants provided notice to Mr. Igbanugo of the bases for this motion in a February 24, 2021 letter (attached), which was served on him in accordance with the 21-day "safe harbor" requirement in Fed. R. Civ. P. 11(c)(2). This motion is based on the memorandum of law, declaration and exhibits filed contemporaneously herewith.

**BASSFORD REMELE**
*A Professional Association*

Dated: February 24, 2021

By: s/ *Kelly A. Putney*
    Kelly A. Putney (#237577)
    Khuram M. Siddiqui (#402148)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
Email: kputney@bassford.com
       ksiddiqui@bassford.com

*Attorneys for Defendants Wilson Law Group, David L. Wilson, Michael Gavigan, Cassondre Buteyn and Eva Rodelius*

4822-0069-0138 v.1.docx

# BASSFORD REMELE

**KELLY A. PUTNEY**
SHAREHOLDER
Licensed in MN and WI

T 612.376.1605
F 612.746.1205
KPUTNEY@BASSFORD.COM

February 24, 2021

*VIA EMAIL AND U.S. MAIL*

Herbert A. Igbanugo, Esq.
Igbanugo Partners Int'l Law Firm
250 Marquette Avenue, Suite 1075
Minneapolis, MN 55401
higbanugo@igbanugolaw.com

Re:   *Igbanugo v. Minnesota Office of Lawyers Professional Responsibility, et al.*
      Court File No.: 21-cv-105 (PJS-HB)
      Our File No.: 85-686

Dear Mr. Igbanugo:

As you know, Bassford Remele and I represent Defendants Wilson Law Group, David L. Wilson, Michael Gavigan, Cassondre Buteyn and Eva Rodelius (collectively the "Wilson Defendants") in the above-referenced matter. This letter concerns your decision to file suit against the Wilson Defendants in the above matter. Simply put, Count 10 in your Complaint, which is the only count directed towards my clients, is without any legal or factual basis whatsoever, is brought for the improper purposes of harassing my clients and forcing them to needlessly incur legal expenses and should be voluntarily dismissed with prejudice. This letter is sent for the specific purpose of advising you that if you do not dismiss the complaint against the Wilson Defendants with prejudice, we intend to seek sanctions under Fed. R. Civ. P. 11 and the Court's inherent authority.

In Count 10 of your Complaint, you assert claims of "Vexatious Litigation, Unbridled Violation of Ethics Rules and Abuse of Legal/Court Process" against the Wilson Defendants. These "claims" arise out of the underlying *Onofre* litigation against you, which you lost, but now misrepresent as "frivolous," and reports to the Office of Lawyers' Professional Responsibility ("OLPR"), including the mandatory report made following the *Onofre* litigation, which the OLPR has investigated and is pursuing against you but which you mischaracterize as "spurious." In fact, it is *your* claims against the Wilson Defendants in this case that are frivolous and presented for an improper purpose.

As an attorney, state and federal law both recognize that you have an affirmative duty to ensure that any legal or factual allegations made have evidentiary support, and that you have diligently

Herbert A. Igbanugo, Esq.
February 24, 2021
Page 2

inquired into the factual and legal elements of each claim *before* pursuing those claims in court. Fed. R. Civ. P. 11(b); *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) ("Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'") (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393)); *see also* Minn. R. Prof. Conduct. 3.1; *Uselman v. Uselman*, 464 N.W.2d 130, 142–45 (Minn. 1990) (discussing attorney obligation to investigate claims and contentions before bringing claims), *superseded by statute as stated in Powell v. Anderson*, 660 N.W.2d 107 (Minn. 2003). Given that your claims are without a legal or factual basis, you have not fulfilled your obligations under Fed. R. Civ. P. 11 and the claims must be voluntarily dismissed with prejudice. Particularly troubling is your decision to name Ms. Buteyn as a defendant in your suit, despite the undisputed fact that she was not involved in representing the plaintiffs in connection with their claims against you in the *Onofre* litigation, nor did she make a subsequent report to the OLPR as a result of the outcome of that case. While all of the claims in Count 10 of your Complaint against the Wilson Defendants are meritless and in violation of Fed. R. Civ. P. 11, your inclusion of Ms. Buteyn in this action under these circumstances is particularly glaring and sanctionable.

As a threshold matter, your entire complaint against the Wilson Defendants is barred by the *Rooker-Feldman* doctrine, which stands for the general principle that . . . lower federal courts lack subject matter jurisdiction to review state court decisions. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-82 (1983); *Rooker v. Fidelity Trust Co*, 263 U.S. 413, 415-16 (1923). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005). *Rooker Feldman* quite clearly bars your complaint against the Wilson Defendants because you lost in state court and have commenced this action in federal court seeking relief for an alleged injury caused by the state court's decision.

Similarly, collateral estoppel prevents you from now relitigating issues that were actually decided against you in the underlying case. *Heine v. Simon*, 702 N.W.2d 752, 761 (Minn. 2005). Four factors determine whether collateral estoppel is available: (1) the issue litigated in the present action was identical to an issue in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1066-67 (8th Cir. 1997) (citing *Willems v. Commissioner of Pub. Safety*, 333 N.W.2d 619, 621 (Minn. 1983) (citations omitted); *Duncan v. Clements*, 744 F.2d 48, 51 (8th Cir. 1984). The allegations in your current complaint against the Wilson Defendants (that the *Onofre* litigation was frivolous and improper) mirror the arguments you made in your Rule 11 motion in the *Onofre* litigation. Those arguments were rejected by Judge Dickstein, a ruling you decided not to appeal, and you cannot relitigate them now.

Herbert A. Igbanugo, Esq.
February 24, 2021
Page 3


And, to the extent your Complaint now claims injury and damages as a result of so-called "defamatory" statements made about you by the Wilson Defendants in the *Onofre* litigation or the related OLPR complaints, those claims are barred as a matter of law by the judicial action privilege. Statements, even if defamatory, may be protected by absolute privilege if the statement is made by an attorney in a judicial proceeding and the statement at issue is relevant to the subject matter of that litigation. *Mahoney & Hagberg v. Newgard*, 729 N.W.2d 302, 306 (Minn. 2007) (citing *Matthis v. Kennedy*, 243 Minn. 219, 224, 67 N.W.2d 413, 417 (1954)). Under the doctrine of absolute privilege, the speaker is completely shielded from liability arising from his statements. *Id.* And, "any privilege that applies to the allegedly defamatory statements applies with equal force to any other claims grounded in the same conduct." *Issaenko v. Univ. of Minn.*, 2016 WL 8198306, at *8 (D. Minn. Jan. 25, 2016). Accordingly, any statements made by the Wilson Defendants in the *Onofre* lawsuit enjoy absolute immunity through the judicial action privilege and cannot support any cause of action against them.

Your specific claim of "vexatious litigation" is also brought for the purpose of harassing my client because "vexatious litigation" is not an actionable claim under federal statute or common law. 28 U.S.C. §1927 does not provide for an independent cause of action for "vexatious litigation." *See Wilson v. Bush*, No. 5:04CV141 CAR, 2006 WL 692305, at *3 (M.D. Ga, Ma. 15, 2006) (stating "the vexatious litigation statute, 28 U.S.C. § 1927, does not create an independent cause of action"). And I have found no authority recognizing an independent common law claim for vexatious litigation in the Eighth Circuit or under Minnesota law. Your related request for "financial sanctions" against the Wilson Defendants in the Complaint's Prayer for Relief is also highly improper as you have not followed the strict requirements of Fed. R. Civ. P. 11(c).

To the extent your vexatious litigation claim is meant to be one for "malicious prosecution," that claim would also fail as you cannot successfully allege a critical element of that cause of action, which is that the proceeding at issue terminated in your favor. *See McSweeney v. Maryland Cas. Co.*, 754 F.2d 271, 272 (1985) (stating "In order to prevail in his action for malicious prosecution…under Minnesota law…McSweeney must plead and prove…that the suit ultimately terminated in his favor.) We know, of course, that is not the case here and that the jury in the *Onofre* litigation found you liable for breach of contract, consumer fraud and legal malpractice and awarded monetary damages to all three plaintiffs – a result that was then affirmed by the Minnesota Court of Appeals.

And, if your vexatious litigation claim is directed at the reports made to the OLPR, including the post-*Onofre* trial report made by Mr. Gavigan, which you mischaracterize as "spurious" despite the fact the Director has brought disciplinary charges against you as a result, Rule 21 of the Lawyers Professional Responsibility Rules provides absolute immunity to those making such reports to the OLPR. This absolute immunity obviously covers any report made to the OLPR regarding you or your practice by any of the Wilson Defendants, including those that date back many years ago, which you reference in your complaint. And, Mr. Gavigan, as lead trial counsel in *Onofre*, had a mandatory obligation under Rule 8.3 of the Minnesota R. Prof. Conduct to report

Herbert A. Igbanugo, Esq.
February 24, 2021
Page 4

a jury finding of consumer fraud and damages. He otherwise risked discipline himself. The absolute privilege contained in Rule 21 is both essential and expansive because it contemplates the mandatory obligation of Rule 8.3. You seek compensation and relief because Mr. Gavigan complied with a non-discretionary legal mandate. There is no basis in law for any relief when an individual complies with a mandatory reporting requirement.

Your so-called claim of "unbridled violation of ethics rules" also cannot be sustained and must be dismissed primarily because a rule violation, itself, does not create civil liability. *See Mittelstaedt v. Henney*, No. A20-0573, 2021 WL 18858, at *7 n.13 (Minn. Ct. App. Jan. 4, 2021) ("While the violation of a rule of professional conduct does not itself "give rise to a cause of action against a lawyer...") (citing *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 628 (8th Cir. 2009)). The Minnesota Rules of Professional Conduct themselves also establish that they are intended to serve only as a standard of conduct within the regulation of the practice of law:

> **Violation of a rule should not give rise to a cause or action** nor should it create any presumption that a legal duty has been breached. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. **They are not designed to be a basis for civil liability** . . . .

Minn. R. Prof. Conduct, Scope (emphasis added). Moreover, it is the Minnesota Supreme Court, not the federal district court, that has ultimate authority to discipline attorneys in Minnesota for conduct in state court proceedings, including the *Onofre* litigation. *See In re Proposed Petition to Recall Mike Hatch,* 628 N.W.2d 125 (Minn. 2001); *In re: Daly*, 291 Minn. 488, 189 N.W.2d 176 (1971). The federal district court simply has no jurisdiction to impose discipline for actions in the state court proceeding below, even if there was a valid legal basis for discipline, which surely there is not.

And finally, your claim of abuse of process fails as well. To state a claim for abuse of process, a plaintiff must establish (1) the existence of an ulterior purpose in using the process and (2) the act of using the process to accomplish a result not within the scope of the proceeding in which it was used. *Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. App. 1997, *review denied* (Minn. Oct. 31, 1997). It is not possible for you to do so here since the *Onofre* litigation accomplished the exact proper result it was intended to accomplish, which was compensating the Wilson Defendants' clients for damages suffered as a result of your breach of contract, negligence and consumer fraud.

For the multiple reasons set forth above, the Wilson Defendants hereby demand that you voluntarily dismiss the Complaint against them with prejudice within 21 days of the date of this letter. Should you decline to do so, you are on notice of our intent to seek sanctions, including attorney's fees and costs, against you under Fed. R. Civ. P. 11. This letter, and the attached draft Motion for Sanctions, are being served upon you in accordance with the 21-day "Safe Harbor" requirement pursuant to Fed. R. Civ. P. 11(b).

**BASSFORD REMELE**

Herbert A. Igbanugo, Esq.
February 24, 2021
Page 5

Very truly yours,

*Kelly A. Putney* (signature)

Kelly A. Putney
for
BASSFORD REMELE, A Professional Association

KAP/sp:4824-7723-2861 v.1.docx

Enc.

cc:    All Counsel of Record *(w/enc. – via Email and U.S. Mail)*