UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HERBERT A. IGBANUGO,                                    Case No. 21-CV-0105 (PJS/HB)

        Plaintiff,

v.

MINNESOTA OFFICE OF LAWYERS
PROFESSIONAL RESPONSIBILITY [OLPR];
SUSAN HUMISTON, in her official capacity as
Director of OLPR; AMY HALLORAN,
individually and in her official capacity as
Assistant Director at OLPR; JENNIFER BOVITZ,
individually and in her official capacity as
Managing Attorney at OLPR; LAWYERS
PROFESSIONAL RESPONSIBILITY BOARD
[LPRB]; JEANNETTE BOERNER, individually and
in her professional capacity as Attorney Member at          ORDER
LPRB; TOMMY KRAUSE, individually and in his
professional capacity as Designated Board
Member at LPRB; WILSON LAW GROUP; DAVID
LEE WILSON, individually and in his official
capacity as Founder and Managing Attorney at
Wilson Law Group; MICHAEL GAVIGAN,
individually and in his official capacity as Senior
Attorney at Wilson Law Group; CASSONDRE
BUTEYN, individually and in her official capacity
as Co-Owner and Lead Attorney at Wilson Law
Group; EVA RODELIUS, individually and in her
official capacity as Senior Attorney at Wilson Law
Group; AUST SCHMIECHEN, P.A.; BRIAN AUST,
individually and in his official capacity as
Purported Expert Witness in the *Onofre* Case and
as Founding Partner of Aust Schmiechen, P.A.,

        Defendants.

Herbert A. Igbanugo, IGBANUGO PARTNERS INT'L LAW FIRM, PLLC, pro se.

Aram V. Desteian, Kelly A. Putney, Khuram M. Siddiqui, and Colin S. Seaborg, BASSFORD REMELE, for defendants Wilson Law Group, David Lee Wilson, Michael Gavigan, Cassondre Buteyn, and Eva Rodelius.

Aaron D. Sampsel and Scott A. Jurchisin, CHRISTENSEN LAW OFFICE PLLC, for defendants Aust Schmiechen, P.A., and Brian Aust.

Plaintiff Herbert Igbanugo is an attorney who is the subject of disciplinary proceedings that are pending before the Minnesota Supreme Court. Some of the allegations against him in those proceedings also formed the basis of a malpractice action ("*Onofre*") that several of Igbanugo's former clients recently won against him. Defendant Michael Gavigan and other attorneys from defendant Wilson Law Group represented Igbanugo's former clients in the *Onofre* action, and defendant Brian Aust testified as an expert witness on behalf of those former clients.

Igbanugo filed this action against the Wilson Law Group and various Wilson attorneys (collectively the "Wilson defendants"); Aust and his firm, Aust Schmiechen, P.A. (collectively the "Aust defendants"); and Minnesota Office of Lawyers Professional Responsibility, Lawyers Professional Responsibility Board, and associated government officials. Igbanugo's sprawling complaint is difficult to summarize, but in essence he sought to challenge the legality of the disciplinary proceedings pending against him and to relitigate the *Onofre* case. He also asked this Court to impose sanctions on the Wilson and Aust defendants for their roles in the *Onofre* litigation.

-2-

The Court recently granted defendants' motions to dismiss as well as the Wilson and Aust defendants' motions for sanctions in the form of attorney's fees and costs under Fed. R. Civ. P. 11.  The Court ordered supplemental briefing concerning the amount of the fees and costs that should be awarded.  Having considered the parties' supplemental filings and for the reasons that follow, the Court sanctions Igbanugo in the amount of $50,000, of which  $35,000 is awarded to the Wilson defendants and $15,000 is awarded to the Aust defendants.

### A.  Legal Standard

"Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing."  *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003). Upon finding a violation, a court may, if "warranted for effective deterrence," order the offender to pay the movant "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).  But sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  *Id.*

### B.  Sanction Amount

The Wilson and Aust defendants seek awards in the amount of $50,094.37 and $16,353, respectively, for a total sanction of $66,447.37.  In response, Igbanugo mainly rehashes the same arguments that he made in opposition to the original motions to

-3-

dismiss and for sanctions.  He also promises never to sue these defendants again and argues that, in light of his promise, no monetary sanctions are necessary.

The Court is not persuaded that no monetary sanctions are necessary.  Igbanugo had an opportunity to withdraw his frivolous claims when defendants served him with their Rule 11(c)(2) safe-harbor notices.  Even in his most recent briefs, Igbanugo continues to fling insults at his opponents and attempt to relitigate the *Onofre* action, demonstrating his steadfast refusal to recognize that the issue of his malpractice has been fully litigated and finally determined in state court.  And as the Court has already noted, earlier in these proceedings Igbanugo informed the Aust attorneys that he would make it his mission in life to pursue Aust, Wilson, and the Wilson Law Group for their roles in the *Onofre* case.  ECF No. 24 ¶ 3.  Igbanugo now says that he was just "blowing off steam" and that he later apologized.  *Id.* ¶ 4.  His apology means little, however, in light of the fact that he continued to pursue this action despite being on notice that it was frivolous.

Igbanugo contends that he brought this lawsuit in good faith, but his conduct during the litigation indicates otherwise.  His arguments and requested remedies have continually shifted, even over the course of a few minutes of oral argument, making it clear that he gave little thought to his claims, and making it extraordinarily difficult for the Court or his opponents to analyze those claims.  Igbanugo also inundated the Court

-4-

and his opponents with thousands of pages of mostly irrelevant exhibits, and he continued to file additional materials following oral argument without seeking or obtaining permission to do so.

As the Court described in its earlier order, Igbanugo's actions in this case seem designed to inflict costs and exact revenge against his opponents for successfully pursuing a malpractice claim against him.  Unless Igbanugo faces a significant monetary sanction, he will have achieved his goal, which will give him the incentive to do it again.  And even if Igbanugo himself is deterred, Rule 11 sanctions also serve the purpose of deterring "comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  An attorney who desires to intimidate his opponents by inflicting costs is unlikely to be deterred if he knows that he can pursue frivolous litigation all the way to the bitter end and then avoid sanctions simply by promising not to do it again.

With respect to the amount of the sanction:  Rule 11(c)(4) requires that a fee award be reasonable, and the usual method for determining the reasonableness of a fee request is to calculate the "lodestar"—that is, the reasonable number of hours expended multiplied by a reasonable hourly rate.  *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021).

Igbanugo does not challenge the amount of the Aust defendants' request for $16,353, and the Court finds it to be reasonable.  With respect to the Wilson defendants'

request, Igbanugo contends that their claimed hourly rates (which range from $240 to $300 for the attorneys and $120 for a law clerk) and number of hours expended (203.5) are excessive.

The Court disagrees.  The claimed hourly rates are well within the rates commonly charged in this community.  *See, e.g., C.H. Robinson Worldwide, Inc. v. Traffic Tech, Inc.*, No. CV 19-902 (MJD/DTS), 2021 WL 5810478, at *4 (D. Minn. Dec. 7, 2021) (approving hourly rates from $130 to $425).  As for the number of hours, Igbanugo's complaint was 109 pages long and, as noted, he filed thousands of pages of exhibits. Any competent attorney would have to devote many hours to reviewing and analyzing Igbanugo's filings—a task made more difficult by the fact that Igbanugo's complaint was a mess.  Igbanugo points out that the Wilson defendants' fee request is much larger than that of the Aust defendants, but that is not surprising.  There are five Wilson defendants and two Aust defendants, and the Wilson defendants are the main target of Igbanugo's ire.  The allegations against the Wilson defendants occupy much more of the complaint and extend back in time nearly 20 years, whereas the allegations against the Aust defendants concern only Brian Aust's role as an expert witness in the *Onofre* case. The Court therefore finds that the Wilson defendants' fee request is reasonable.

That said, "[t]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in

defending." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (cleaned up).

Although an award of $66,447.37 would be necessary to fully compensate the Wilson

and Aust defendants, the Court believes that such an award would be higher than

necessary to deter attorney misconduct. The Court finds that a sanction of $50,000 will

be sufficient to deter Igbanugo and others in his situation from comparable misconduct.

The Court will therefore award $35,000 to the Wilson defendants and $15,000 to the

Aust defendants.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Pursuant to Fed. R. Civ. P. 11, defendants Wilson Law Group, David Wilson, Michael Gavigan, Cassondre Buteyn, and Eva Rodelius are jointly awarded $35,000 against plaintiff Herbert Igbanugo.

2. Pursuant to Fed. R. Civ. P. 11, defendants Aust Schmiechen, P.A. and Brian Aust are jointly awarded $15,000 against plaintiff Herbert Igbanugo.

3. The November 10, 2021 judgment [ECF No. 81] shall be amended to incorporate these awards.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 3, 2022                          s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge