UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| HERBERT A. IGBANUGO, | Case No. 21-CV-0105 (PJS/HB) |
| Plaintiff, | |
| v. | |
| MINNESOTA OFFICE OF LAWYERS PROFESSIONAL RESPONSIBILITY [OLPR]; SUSAN HUMISTON, in her official capacity as Director of OLPR; AMY HALLORAN, individually and in her official capacity as Assistant Director at OLPR; JENNIFER BOVITZ, individually and in her official capacity as Managing Attorney at OLPR; LAWYERS PROFESSIONAL RESPONSIBILITY BOARD [LPRB]; JEANNETTE BOERNER, individually and in her professional capacity as Attorney Member at LPRB; TOMMY KRAUSE, individually and in his professional capacity as Designated Board Member at LPRB; WILSON LAW GROUP; DAVID LEE WILSON, individually and in his official capacity as Founder and Managing Attorney at Wilson Law Group; MICHAEL GAVIGAN, individually and in his official capacity as Senior Attorney at Wilson Law Group; CASSONDRE BUTEYN, individually and in her official capacity as Co-Owner and Lead Attorney at Wilson Law Group; EVA RODELIUS, individually and in her official capacity as Senior Attorney at Wilson Law Group; AUST SCHMIECHEN, P.A.; BRIAN AUST, individually and in his official capacity as Purported Expert Witness in the *Onofre* Case and as Founding Partner of Aust Schmiechen, P.A., | ORDER |
| Defendants. | |

Herbert A. Igbanugo, IGBANUGO PARTNERS INT'L LAW FIRM, PLLC, pro se.

Aram V. Desteian, Kelly A. Putney, Khuram M. Siddiqui, and Colin S. Seaborg, BASSFORD REMELE, for defendants Wilson Law Group, David Lee Wilson, Michael Gavigan, Cassondre Buteyn, and Eva Rodelius.

Aaron D. Sampsel and Scott A. Jurchisin, CHRISTENSEN LAW OFFICE PLLC, for defendants Aust Schmiechen, P.A., and Brian Aust.

Plaintiff Herbert Igbanugo is an attorney who is the subject of disciplinary proceedings that are pending before the Minnesota Supreme Court. Some of the allegations against him in those proceedings also formed the basis of a malpractice action ("*Onofre*") that several of Igbanugo's former clients recently won against him. Defendant Michael Gavigan and other attorneys from defendant Wilson Law Group represented Igbanugo's former clients in the *Onofre* action, and defendant Brian Aust testified as an expert witness on behalf of those former clients.

Igbanugo filed this action against the Wilson Law Group and various Wilson attorneys (collectively the "Wilson defendants"); Aust and his firm, Aust Schmiechen, P.A. (collectively the "Aust defendants"); and Minnesota Office of Lawyers Professional Responsibility, Lawyers Professional Responsibility Board, and associated government officials. The Court granted defendants' motions to dismiss and granted the Wilson and Aust defendants' motions for sanctions under Fed. R. Civ. P. 11, awarding those defendants a total of $50,000 in attorney's fees. ECF Nos. 80, 94. Igbanugo's appeal is

currently pending before the United States Court of Appeals for the Eighth Circuit. ECF No. 90.

This matter is before the Court on Igbanugo's motion to stay the sanction award pending appeal.[1]  In determining whether to grant a stay pending appeal, courts consider four factors: "(1) whether the party seeking the stay has demonstrated a strong likelihood of success on the merits; (2) whether the party seeking the stay will be irreparably injured without a stay; (3) whether a stay would substantially injure other parties; and (4) the public's interest." *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020).  Having considered those four factors, the Court denies Igbanugo's motion.

Igbanugo does not have a strong chance of winning his appeal.  As noted, the Court found Igbanugo's claims against the Wilson and Aust defendants to be frivolous—so frivolous as to warrant sanctions.  Nothing that Igbanugo states in his current motion convinces the Court that the Eighth Circuit is likely to disagree with its

---

[1]The Court notes that, in filing his motion, Igbanugo appears to have violated this District's Local Rules and submitted a misleading statement to the Court.  Under D. Minn. L.R. 7.1(a), a moving party must, if possible, meet and confer with the opposing party *before* filing a motion.  According to the Court's electronic timestamp, Igbanugo filed his motion to stay on February 2, 2022 at 2:08 pm.  ECF No. 103.  The Wilson defendants have submitted a copy of Igbanugo's meet-and-confer email indicating that it was sent about a half hour *after* Igbanugo filed the motion.  Putney Decl. Ex. A.  Several hours later, Igbanugo filed a meet-and-confer statement purportedly in compliance with D. Minn. L.R. 7.1(a)(1).  ECF No. 107.

assessment. As for irreparable injury, Igbanugo claims that his law firm is struggling and that having to pay a $50,000 sanctions order will cause monumental damage. Just a few weeks ago, however, Igbanugo submitted an affidavit to the Minnesota Supreme Court swearing that he "has always enjoyed . . . a stable and lucrative law practice," his firm "has always been financially stable," and he "continues to do very well up until this very day." Sampsel Decl. Ex. A ¶ 16. He further swears that he "has always had more than sufficient business lines of credit." *Id*. Unless Igbanugo was lying to the Minnesota Supreme Court, he should not be irreparably harmed by having to pay a $50,000 sanctions award.

As Igbanugo has not shown either a likelihood of success on appeal or a risk of irreparable harm, no stay is warranted. *Org. for Black Struggle*, 978 F.3d at 607 (noting that likelihood of success is the most important factor and that a showing of irreparable injury absent a stay is required).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motion for a stay pending appeal [ECF No. 103] is DENIED.

Dated: February 15, 2022  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge